IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

SAMUEL HOLT, #166 996                       *
DEBORAH HOLT, #263 214,
                                              *

    Petitioners,
                                              *

     v.                                              2:09-CV-561-TMH
                                              *        (WO)

STATE OF ALABAMA, *et al.*,
                                              *

    Respondents.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioners on June 8, 2009.[1] In this petition, Petitioners seek to challenge their 2007 convictions and sentences for possession of burglary tools entered against them by the Circuit Court for Morgan County, Alabama.

**DISCUSSION**

This court, "in the exercise of its discretion and in furtherance of justice," may transfer Petitioners' application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" Petitioners. 28 U.S.C. § 2241(d).

---

[1] Although the Clerk of this court stamped the present petition "filed" on June 15, 2009, the petition was certified for mailing on June 8, 2009. Accordingly, for purposes of this Recommendation, the court considers June 8, 2009 as the date of filing. *See Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

Petitioners seek to challenge their convictions and sentences imposed in 2007 by the Circuit Court for Morgan County, Alabama. Morgan County is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  In light of the foregoing, the court concludes that the transfer of this case to such other court for review and disposition is appropriate.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).[3]

 It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 2, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[2] In transferring the instant case, this court makes no determination regarding the merits of Petitioners' claims for relief nor whether they have exhausted available state court remedies prior to filing a federal habeas petition as required by 28 U.S.C.§ 2244(b)(1)(A).

[3] An affidavit in support of a request for leave to proceed *in forma pauperis* has been filed by Petitioner Sam Holt.  Under the circumstances of this case, however, matters related to Petitioners' *in forma pauperis* status, including the assessment and collection of any filing fee, should be undertaken by the United States District Court for the Northern District of Alabama.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981 ) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 19th day of June 2009.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE